UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RACHEL BRUNDRIDGE,
*for A.M.B. (minor child)*,

                                        Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                     06-CV-697S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

        1.      In this case, Plaintiff Rachel Brundridge challenges an Administrative Law

Judge's ("ALJ") determination that her eight-year-old child, A.M.B., is not disabled within

the meaning of the Social Security Act ("the Act").   Plaintiff maintains that A.M.B. is

disabled due to a central auditory processing disorder and bed wetting, and is therefore

entitled to payment of Supplemental Security Income ("SSI").

        2.      Plaintiff applied for SSI benefits on A.M.B.'s behalf on August 18, 2004.  The

application was denied.  Plaintiff then requested a hearing before an ALJ, which took place

on July 15, 2005.  Plaintiff proceeded pro se at the hearing, at which both she and A.M.B.

testified.  The ALJ considered the case *de novo*, and on July 29, 2005, issued a decision

denying Plaintiff's application for SSI benefits.   On June 8, 2006, the Appeals Council

denied Plaintiff's request for review.    Plaintiff filed the current action challenging

Defendant's final decision on October 20, 2006.[1]

---

[1]The ALJ's decision became the Commissioner's final decision in this case when the Appeals
Council denied Plaintiff's request for review.

3.     On May 29, 2007, Defendant moved for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff filed a memorandum of law in opposition on July 15, 2007.  Defendant filed a reply memorandum on July 31, 2007. This Court took the motion under advisement without oral argument.  For the following reasons, Defendant's motion is denied, and this case is remanded for calculation of benefits.

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity and Reconciliation Act of 1996 ("the 1996 Act"), which amended the statutory standard applicable to minors seeking SSI benefits. See 42 U.S.C. § 1382c. In relevant part, the 1996 Act provides that an "individual under the age of 18 shall be considered disabled . . . if [he or she] has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i).

7.      Regulations promulgated by the Social Security Administration ("SSA") define "marked and severe functional limitations" in terms of "listing-level severity," *i.e.*, an impairment that meets, medically equals, or functionally equals the severity of an impairment in the listings. 20 C.F.R. § 416.926a(a). Under the regulations, functional limitations are evaluated in six broad areas or domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. See 20 C.F.R. § 416.926a(b).

8.     The Commissioner has established a three-step sequential evaluation process to determine whether a minor is disabled as defined under the Act.  <u>See</u> 20 C.F.R. § 416.924.  Specifically, the minor must demonstrate: (1) that he has not engaged in substantial gainful activity; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment.  <u>See</u> 20 C.F.R. § 416.924.  A minor's medically-determinable impairment or combination of impairments "functionally equals" a listed impairment if it results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in a single domain.  <u>See</u> 20 C.F.R. § 416.926a.  A limitation is "marked" if it seriously interferes with a claimant's ability to independently initiate, sustain, or complete activities.  <u>See</u> 20 C.F.R. § 416.926a(e)(2).  A "marked" limitation is more than moderate but less than extreme.  <u>See</u> <u>id.</u>

9.     Applying the sequential evaluation in the instant case, the ALJ first found that A.M.B. had never engaged in substantial gainful activity.  (R. at 30.[2])  Second, the ALJ concluded that A.M.B.'s "central auditory processing disorder" and "moderate expressive and receptive language delays" constituted severe impairments under the Act.  (R. at 30.)  Third, he determined that A.M.B.'s impairments or combination of impairments did not meet or equal any listed impairments.  (R. at 30).  Specifically, the ALJ found a marked impairment in only one domain ("acquiring and using information").  (R. at 30.)  He found less than marked impairment in the "attending and completing tasks" domain, and no impairment at all in the remaining four domains.  (R. at 30-31.)  Ultimately, the ALJ determined that A.M.B. was not under a disability as defined by the Act at any time through

---

[2] Citations to the underlying administrative record are designated as "R."

the date of his decision.  (R. at 31.)

10.     Plaintiff first argues that the ALJ erred by not adequately assisting her in light of her pro se status.  The record, however, does not bear this out.  ALJs must assist pro se claimants in developing the record and must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts."  Echevarria v. Sec'y, 685 F.2d 751, 755 (2d Cir. 1982); Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990).  Here, the ALJ repeatedly advised Plaintiff, both orally and in writing, that she was entitled to appear with an attorney or representative.  (R. at 15-16, 32-35, 43-45, 51, 52-57, 146-48).  The ALJ also offered to postpone the hearing so that Plaintiff could consult an attorney.  (R. at 147-48.)  Plaintiff declined these opportunities to seek counsel.  The ALJ also gathered the medical evidence and questioned both Plaintiff and A.M.B. to develop the factual record.  In this Court's view, the ALJ adequately fulfilled his obligation to Plaintiff.

11.     Plaintiff's second argument is that the ALJ's credibility determination is erroneous.  The ALJ found Plaintiff's testimony credible only to the extent that it was supported by the evidence in the record as discussed in his decision.  (R. at 30.)  But nowhere does the ALJ make an *adverse* credibility finding, and the ALJ's conclusion that A.M.B. is not disabled is not based on a negative assessment of credibility.  Accordingly, this Court finds no error.

12.     Plaintiff's final argument is that the ALJ erred by failing to find a marked limitation in the "attending and completing tasks" domain.  This Court agrees.

The regulations require that this domain be evaluated in the following manner:

> Attending and completing tasks. In this domain, we consider how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them.

(1) General.

(i) Attention involves regulating your levels of alertness and initiating and maintaining concentration. It involves the ability to filter out distractions and to remain focused on an activity or task at a consistent level of performance. This means focusing long enough to initiate and complete an activity or task, and changing focus once it is completed. It also means that if you lose or change your focus in the middle of a task, you are able to return to the task without other people having to remind you frequently to finish it.

(ii) Adequate attention is needed to maintain physical and mental effort and concentration on an activity or task. Adequate attention permits you to think and reflect before starting or deciding to stop an activity. In other words, you are able to look ahead and predict the possible outcomes of your actions before you act. Focusing your attention allows you to attempt tasks at an appropriate pace. It also helps you determine the time needed to finish a task within an appropriate time frame.

(2) Age group descriptors–

. . .

(iv) School-age children (age 6 to attainment of age 12). When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

. . .

(3) Examples of limited functioning in attending and completing tasks. The following examples describe some limitations we may consider in this domain. Your limitations may be different from the ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example applies in your case may depend on your age and developmental stage; e.g., an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.

(i) You are easily startled, distracted, or overreactive to sounds, sights, movements, or touch.

(ii) You are slow to focus on, or fail to complete activities of interest to you, e.g., games or art projects.

(iii) You repeatedly become sidetracked from your activities or you frequently interrupt others.

(iv) You are easily frustrated and give up on tasks, including ones you are capable of completing.

(v) You require extra supervision to keep you engaged in an activity.

20 C.F.R. § 416.926a(h)

Evidence in the record, some of which the ALJ discussed, supports a finding that A.M.B. has a marked limitation in this domain.   In particular, the evidence supports a finding that A.M.B. has marked limitations in each of the five examples of limited functioning set forth immediately above in 20 C.F.R. § 416.926a(h)(3)(i)-(v).

A.M.B. failed both kindergarten and first grade.  (R. at 156, 161.)  School officials passed her onto second grade not on merit, but to avoid A.M.B. becoming too old for her

grade level, and because special education services were to be provided.  (R. at 157.)
A.M.B. receives extra help with writing and reading, and will not read aloud without
prompting.  (R. at 157, 160.)  She has difficulty paying attention, has to have directions
repeated to her, and is unable to complete a project after she starts it.  (R. at 159.)  Plaintiff
must remind A.M.B. to wake for school, must supervise her chores (except for cleaning her
room), and must supervise her homework because A.M.B. "gets off task very easily."  (R.
at 154, 156, 161.)

According to A.M.B.'s first grade teacher, Dean Tamborello, A.M.B. reads and writes
below grade level.  (R. at 87.)  She has trouble paying attention in class, is hyperactive,
and is easily distracted.  (R. at 88, 89.)  Tamborello reports that A.M.B. cannot concentrate,
fails to finish things she starts, daydreams, has difficulty following directions, and has
difficulty learning.  (R. at 90.)

A.M.B.'s second grade teacher, Maria Ehde, also reports that A.M.B.'s abilities in
reading, writing, and math are below grade level.  (R. at 95, 102.)  She notes that A.M.B.
forgets 2-step directions, frequently needs help, and frequently needs directions repeated
to her.  (R. at 106.)  Ehde also reports that A.M.B. has problems functioning in the
"attending and completing tasks" domain.  (R. at 97.)  Significantly, A.M.B. has a "very
serious problem" with "carrying out multi-step instructions" and "working without distracting
self or others."  (R. at 97.)  She also has "a serious problem" with "paying attention when
spoken to directly," "sustaining attention during play/sports activities," and "working at
reasonable pace/finishing on time."  (R. at 97.)  She has "an obvious problem" with
"focusing long enough to finish assigned activity or task," "completing class/homework
assignments," and "completing work accurately without careless mistakes."  (R. at 97.)  All
of these deficiencies occur on a daily basis.  (R. at 97.)

The ALJ noted much of this evidence in his decision, but nonetheless concluded that A.M.B.'s limitation in "attending and competing tasks" was "less than marked." (R. at 25, 30.) This Court finds error because the ALJ principally relied on A.M.B.'s ability to watch television and movies, play with dolls and toys, and play make-up and dress-up as evidence that she can satisfactorily attend to and complete tasks. (R. at 26.) He also took a selective view of Ehde's report. (R. at 26.)

A child's ability to watch television and participate in age-appropriate play is not determinative when assessing whether the child has a marked limitation in functioning within the "attending and completing tasks" domain. In this Court's view, there is little correlation between a child's willingness to watch television and her ability to focus and maintain attention on tasks that may not be quite as attractive, such as following multi-step directions, paying attention to a lesson, and maintaining concentration. These are the type of activities that must be analyzed under the regulations for school-aged children, which are centered on school-related activities: following directions; organizing school materials; completing classroom and homework assignments; sustaining attention to read; and completing transition tasks, such as changing clothes for gym and getting ready for the bus, without reminders or accommodation. See 20 C.F.R. § 416.926a(h)(2)(iv). In these areas, A.M.B. demonstrates marked limitations.

The ALJ also relied on Ehde's notation that A.M.B. had "no problem" in three of the thirteen evaluated areas: (1) waiting to take turns, (2) changing from one activity to another without being disruptive, and (3) organizing own things or school materials. (R. at 26, 97.) This is a selective view of Ehde's overall report because it ignores the fact that Ehde found that A.M.B. had an obvious problem or worse in eight other of the tested areas, as discussed above. (R. at 97.) It also fails to account for Ehde's handwritten notations on

the evaluation form, which include the following comments: (1) "visuals are needed on charts"; (2) "frequent reminders to stay on task"; (3) "1-step directions given"; (4) "[A.M.B.] needs to look at me to ensure she is listening"; and (4) "easily distracted doing <u>whole</u> group lessons and must sit near me (close proximity)."  (R. at 97 (emphasis in original).)  When considered in its totality, Ehde's report supports a finding that A.M.B. has marked limitations in the "attending and completing tasks" domain.

13.     For the foregoing reasons, this Court finds that the ALJ's decision is erroneous and must be reversed.  Plaintiff has provided persuasive evidence that A.M.B. has marked limitations in 2 of the 6 domains.  <u>See</u> 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.926a.  A.M.B. is therefore disabled under the Act and entitled to SSI benefits. Accordingly, this Court reverses the Defendant's decision and remands this case for calculation of benefits.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that this case is remanded to Defendant for calculation of benefits.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   October 10, 2007
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge